**FILED**

APR 0 3 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) INDICTMENT |
| Plaintiff, | ) |
| | ) **1:24 CR 00120** |
| v. | ) CASE NO._____ |
| | ) Title 18, United States Code, |
| JOSEPH OLOYEDE, | ) Sections 1343, 1349, 1957, and 2 |
| EDWARD OLUWASANMI, | ) |
| | ) **JUDGE BOYKO** |
| Defendants. | ) |

## GENERAL ALLEGATIONS

At all times relevant to this Indictment, unless otherwise specified:

### The Economic Injury Disaster Loan Program

1.      The United States Small Business Administration ("SBA") was an executive branch agency of the United States government.  The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and assist in the economic recovery of communities after disasters.

2.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and was designed to provide emergency financial assistance to Americans suffering the economic effects caused by the COVID-19 pandemic.  One source of relief under the CARES Act was authorization for the SBA to issue loans to small businesses and non-profit entities experiencing revenue loss due to the pandemic.

3.      One form of such assistance was the Economic Injury Disaster Loan ("EIDL") program, which provided loan assistance for certain businesses negatively affected by the

COVID-19 pandemic. To qualify for an EIDL loan, a business had to, among other requirements, be in operation prior to February 1, 2020.

4.      Applicants for EIDL loans used the SBA online portal to submit their application materials. The servers that processed the EIDL loan applications were outside the state of Ohio, in the states of Iowa, Virginia, or Washington.

5.      Applicants had to certify that the information in the application was true and correct, under the penalty of perjury and applicable criminal statutes. The application process involved filling out data fields relating to the size and ownership of the affected business entity, and other information about the relevant business for the 12 months prior to COVID-19 impacting the national economy, such as the number of employees in the business, the gross business revenues realized, and the cost of goods sold. This information, submitted by the applicant, was then used by SBA systems to calculate the amount of money the applicant was eligible to receive.

6.      Pursuant to the provisions governing the EIDL program, loan proceeds could only be used by the affected business receiving EIDL loans for certain permissible expenses. The loans could be used by the business to pay fixed debts, payroll, accounts payable, and other bills that could have been paid had the COVID-19 disaster not occurred.

7.      The CARES Act also authorized the SBA to issue advances or grants of up to $10,000 to small businesses. The amount of the advance was determined by the number of employees the applicant certified having ($1,000 per employee, up to $10,000). The advances did not have to be repaid, and documentation of employment was generally not required.

The Paycheck Protection Program

8.     The CARES Act authorized forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"), which was administered by the SBA.

9.     In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business.  The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan.  In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees.  These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.  In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

10.     A PPP loan application was processed by a participating lender.  If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA.  Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.   The servers that processed the PPP loan applications for the SBA were outside the state of Ohio, in the states of Virginia or Oregon.

11.     PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities.  The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on

these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

<u>Defendants, Person 1, Related Entities, and Banks</u>

12.     JOSEPH OLOYEDE ("OLOYEDE") was a resident of Medina, Ohio. OLOYEDE was the owner of the following entities incorporated in Ohio:

        a.      Available Tax Services Inc. ("Available Tax Service");

        b.      Available Financial Corporation ("Available Financial");

        c.      Available Transportation Company ("Available Transportation");

        d.      Available Tutors Inc. ("Available Tutors");

        e.      Joseph Oloyede & Associates Limited ("JO&A"); and

        f.      Company 1, a non-profit entity.

13.     Available Transportation, Available Tutors, JO&A, and Company 1 conducted minimal business operations.

14.     EDWARD OLUWASANMI ("OLUWASANMI") was a resident of Cleveland, Ohio.  OLUWASANMI was the owner of the following entities incorporated in Ohio:

        a.      Dayspring Transportation Limited ("Dayspring Transportation");

        b.      Dayspring Holdings Inc. ("Dayspring Holdings"); and

        c.      Dayspring Property Inc ("Dayspring Property").

15.     Dayspring Holdings and Dayspring Property conducted minimal business operations.

16.     Person 1 was a resident of Medina, Ohio.  Person 1 was associated with Company 1.

4

17.     Bank 1 was a financial institution based in Columbus, Ohio and an approved SBA lender of PPP loans. OLOYEDE, OLUWASANMI, and Person 1 each owned and controlled bank accounts at Bank 1, including the following:

     a.     OLOYEDE controlled bank accounts at Bank 1 in the name of Available Tutors ending in 1545, in the name of Available Tax Services ending 2201, and an individual account ending in 6944. OLOYEDE also controlled a bank account at Bank 1 in the name of Company 1 ending in 5650 jointly with Person 1.

     b.     OLUWASANMI controlled bank accounts at Bank 1 in the name of Dayspring Holdings ending in 9959, and in the name of Dayspring Property ending in 0058.

18.     Bank 2 was a financial institution based in Minneapolis, Minnesota and an approved SBA lender of PPP loans, and had bank branches located in Ohio. OLOYEDE, OLUWASANMI, and Person 1 each owned and controlled bank accounts at Bank 2, including the following:

     a.     OLOYEDE controlled bank accounts at Bank 2 in the name of Available Transportation ending in 6285, and in the name of JO&A ending in 5823.

     b.     OLUWASANMI controlled bank accounts at Bank 2 in the name of Dayspring Transportation ending in 8658 and 8666.

     c.     Person 1 controlled an individual bank account at Bank 2 in the name of Company 1 ending in 2369.

19.     Bank 3 was a financial institution based in Pittsburgh, Pennsylvania and an approved SBA lender of PPP loans, and with bank branches in Ohio. OLOYEDE controlled a bank account at Bank 3 in the name of Available Tax Services ending in 9252. OLOYEDE also

controlled a bank account at Bank 3 in the name of Company 1 ending in 8024 jointly with Person 1.

20. Bank 4 was a financial institution based in Providence, Rhode Island and an approved SBA lender of PPP loans, and with bank branches in Ohio. OLOYEDE controlled a bank account at Bank 4 in the name of Available Financial ending in 8828.

21. A summary of the relevant individuals, businesses, and bank accounts are summarized in the below chart:

| Account Holder | Business | Bank Account |
|---|---|---|
| OLOYEDE | Available Tax Service | Bank 1: x2201 |
| | | Bank 3: x9252 |
| | Available Financial | Bank 4: x8828 |
| | Available Transportation | Bank 2: x6285 |
| | Available Tutors | Bank 1: x1545 |
| | JO&A | Bank 2: x5823 |
| | Company 1 | Bank 1: x5650 |
| | | Bank 3: x8024 |
| | Individual Account | Bank 1: x6944 |
| OLUWASANMI | Dayspring Transportation | Bank 2: x8658 |
| | | Bank 2: x8666 |
| | Daysprings Holdings | Bank 1: x9959 |
| | Dayspring Property | Bank 1: x0058 |
| Person 1 | Individual | Bank 2: x2369 |

## COUNT 1
(Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349)

The Grand Jury charges:

22. The allegations contained in paragraphs 1 through 21 of this Indictment are incorporated by reference as if stated fully herein.

### The Conspiracy and Scheme to Defraud

23. From in or around April 2020, and continuing through on or about February 28, 2022, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants JOSEPH OLOYEDE and EDWARD OLUWASANMI knowingly and intentionally combined, conspired,

and agreed with each other and with others known and unknown to the Grand Jury, to commit

federal fraud offenses, that is, to knowingly, and with the intent to defraud, devise, and intend to

devise, a scheme and artifice to defraud, and to obtain money and property by means of

materially false and fraudulent pretenses, representations, and promises, knowing that the

pretenses, representations, and promises were false and fraudulent when made, and, for the

purpose of executing the scheme and artifice, to knowingly transmit and cause to be transmitted,

by means of wire communication in interstate commerce, certain writings, signs, signals, pictures

and sounds, in violation of Title 18, United States Code, Section 1343.

### Purposes of the Conspiracy and Scheme

24.     The purposes of the scheme included, but were not limited to, the following: for

Defendants and their co-conspirators to unlawfully enrich themselves by, among other things:

(a) submitting, and causing to be submitted, false and fraudulent applications for loans and grants

made available through the SBA to provide relief for the economic effects caused by the

COVID-19 pandemic, including PPP and EIDL loans; (b) offering, paying, and receiving

kickbacks in return for the submission of false and fraudulent loan applications and supporting

documentation; and (c) diverting fraud proceeds for the Defendants' and co-conspirators'

personal use, the use and benefit of others, and to further the conspiracy.

### Manner and Means of the Conspiracy and Scheme

25.     The manner and means by which Defendants and their co-conspirators carried out

the conspiracy and scheme included, but were not limited to, the following:

a.      OLOYEDE, OLUWASANMI, Person 1, and other co-conspirators,

submitted and caused to be submitted PPP and EIDL loan applications containing false

information for entities under their control, including Available Tax Services, Available

7

Financial, Available Transportation, Available Tutors, JO&A, Company 1, Dayspring
Transportation, Dayspring Holdings, and Dayspring Property.

> b.      OLOYEDE assisted other co-conspirators and confederate borrowers who
submitted and caused to be submitted PPP and EIDL loan applications containing false
information for entities held by other co-conspirators and confederate borrowers.

> c.      OLOYEDE typically directed the co-conspirators and confederate
borrowers to create an account and PPP and EIDL loan application using online loan portals at
Banks 1 through 4 and the SBA.

> d.      OLOYEDE typically directed the co-conspirators and confederate
borrowers to provide him with the account username and password and any subsequent security
codes so he could submit the application and maintain account access throughout the loan
process.

> e.      OLOYEDE typically directed the co-conspirators and confederate
borrowers to forward all subsequent email correspondence regarding the loans to one of
OLOYEDE's email accounts.

> f.      OLOYEDE and other co-conspirators and confederate borrowers created
PPP and EIDL loan applications that falsified the applicant entities' operations and finances,
including the number of employees and the amount of monthly payroll related to PPP loans, and
gross revenue and cost of goods sold related to EIDL loans, to maximize loan approval amounts.

> g.      OLOYEDE and other co-conspirators and confederate borrowers caused
the fraudulent PPP applications to be submitted, typically through the online loan portals at
Banks 1 through Bank 4, and OLOYEDE coordinated the submission of fraudulent EIDL
applications through the SBA's online loan portal.

h.      OLOYEDE, OLUWASANMI, and other co-conspirators and confederate borrowers submitted and caused to be submitted falsified documents to support the falsified figures in the PPP and EIDL applications including the following tax and wage documents: Internal Revenue Service ("IRS") Forms 941 ("Employer's Quarterly Federal Tax Return"), IRS Form 940 ("Employer's Annual Federal Unemployment Tax Return"), IRS Forms W-2 ("Wage and Tax Statements"), IRS Forms W-3 ("Transmittal of Wage and Tax Statements"), and Ohio Department of Job and Family Services ("ODJFS") Quarterly Wage Reports.

i.      OLOYEDE typically arranged with the co-conspirators and confederate borrowers to receive a percentage of their PPP and EIDL loans as a fee, or kickback, for obtaining the loan.  These kickbacks were sent to OLOYEDE by the co-conspirators and confederate borrowers via check or other means shortly after the PPP and EIDL loans were funded.

<u>Acts in Furtherance of the Conspiracy and Scheme to Defraud</u>

26.     In furtherance of the conspiracy, and to accomplish its object and purpose, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants and their co-conspirators committed and caused to be committed the following acts, among others:

*<u>PPP Loans – OLOYEDE & OLUWASANMI Businesses</u>*

a.      On or about the dates listed below, OLOYEDE and OLUWASANMI, submitted and caused to be submitted, fraudulent PPP applications for their businesses through Bank 1, Bank 2, Bank 3, and Bank 4, obtaining at least $685,222, including the following PPP loan applications, to the following lenders, with funds directed to be deposited in accounts at the following banks:

| Application Date | PPP Applicant and Business | Loan Amount | Lender | Deposit Bank |
|---|---|---|---|---|
| June 1, 2020 | OLOYEDE, Available Transportation | $31,787 | Bank 2 | Bank 2 |
| June 11, 2020 | OLOYEDE, Available Tutors | $20,002 | Bank 2 | Bank 1 |
| June 16, 2020 | OLOYEDE, Available Financial | $41,200 | Bank 4 | Bank 4 |
| June 19, 2020 | OLOYEDE, Available Tax Services | $40,000 | Bank 3 | Bank 3 |
| July 27, 2020 | Person 1, Company 1 | $77,722 | Bank 2 | Bank 1 |
| August 3, 2020 | OLOYEDE, JO&A | $51,558 | Bank 2 | Bank 2 |
| February 12, 2021 | OLOYEDE, JO&A | $51,558 | Bank 2 | Bank 2 |
| February 12, 2021 | OLUWASANMI, Dayspring Transportation | $69,970 | Bank 2 | Bank 2 |
| February 16, 2021 | OLOYEDE, Available Tax Services | $40,000 | Bank 1 | Bank 1 |
| February 22, 2021 | OLOYEDE, Available Financial | $41,200 | Bank 4 | Bank 4 |
| March 11, 2021 | OLUWASANMI, Dayspring Property | $60,500 | Bank 1 | Bank 1 |
| March 27, 2021 | Person 1, Company 1 | $77,725 | Bank 3 | Bank 3 |
| April 20, 2021 | OLOYEDE, Available Tutors | $20,000 | Bank 1 | Bank 1 |
| April 30, 2021 | OLUWASANMI, Dayspring Holdings | $62,000 | Bank 1 | Bank 1 |

*EIDL Advances and Loans– OLOYEDE & OLUWASANMI Businesses*

b.　　　On or about the dates listed below, OLOYEDE, OLUWASANMI, and

Person 1 submitted fraudulent EIDL loan applications, and applications for reconsideration, for

their businesses to SBA, obtaining at least $2,229,100, including the following applications, with

the following amounts obtained as a result of these fraudulent EIDL applications, with funds

directed to be deposited in accounts at the following banks:

| Application / Reconsideration Date | EIDL Applicant and Business | Loan / Advance Amount | Deposit Bank |
|---|---|---|---|
| April 8, 2020 | OLOYEDE, Available Tax Services | Declined | N/A |
| May 14, 2020 | OLOYEDE, Available Tutors | $4,100 | Bank 1 |
| May 14, 2020 | OLOYEDE, Available Tutors (Advance) | $8,000 | Bank 1 |
| June 20, 2020 | OLOYEDE, Available Financial | Declined | N/A |
| June 20, 2020 | OLOYEDE, Available Transportation | Declined | N/A |
| June 20, 2020 | OLOYEDE, Available Transportation (Advance) | $10,000 | Bank 2 |
| June 20, 2020 | OLOYEDE, Available Financial (Advance) | $10,000 | Bank 4 |
| July 13, 2020 | OLOYEDE, JO&A | Declined | N/A |
| July 16, 2020 | Person 1, Company 1 | $150,000 | Bank 1 |
| September 7, 2020 | OLUWASANMI, Dayspring Holdings | $150,000 | Bank 1 |
| September 7, 2020 | OLUWASANMI, Dayspring Property | $139,000 | Bank 1 |
| May 19, 2021 | OLUWASANMI, Dayspring Holdings (Increase) | $350,000 | Bank 1 |
| May, 22, 2021 | OLUWASANMI, Dayspring Property (Increase) | $361,000 | Bank 1 |
| June 14, 2021 | OLOYEDE, JO&A (Advance) | $10,000 | Bank 2 |

| Application / Reconsideration Date | EIDL Applicant and Business | Loan / Advance Amount | Deposit Bank |
|---|---|---|---|
| June 14, 2021 | OLOYEDE, JO&A (Advance) | $5,000 | Bank 2 |
| June 17, 2021 | OLUWASANMI, Dayspring Property (Advance) | $5,000 | Bank 1 |
| June 17, 2021 | OLUWASANMI, Dayspring Property (Advance) | $10,000 | Bank 1 |
| June 25, 2021 | OLOYEDE, Available Transportation (Advance) | $5,000 | Bank 2 |
| July 3, 2021 | OLOYEDE, Available Tutors (Advance) | $2,000 | Bank 1 |
| July 3, 2021 | OLOYEDE, Available Tutors (Advance) | $5,000 | Bank 1 |
| August 6, 2021 | OLOYEDE, Available Financial (Advance) | $5,000 | Bank 4 |
| October 7, 2021 | OLOYEDE, JO&A (Reconsideration) | $500,000 | Bank 2 |
| October 9, 2021 | OLOYEDE, Available Transportation (Reconsideration) | $500,000 | Bank 2 |

### *PPP Loans – OLOYEDE "Clients"*

c.       On or about the dates listed below, OLOYEDE submitted and caused to be submitted fraudulent PPP applications in the names of co-conspirators and confederate borrowers and their businesses, through Bank 1, Bank 2, and Bank 3, obtaining at least $724,956, including the following PPP loan applications, to the following lenders, with funds directed to be deposited in accounts at the following banks:

| Application Date | PPP Applicant and Business | Loan Amount | Lender | Deposit Bank |
|---|---|---|---|---|
| July 27, 2020 | Person 2, Company 2 | $46,348 | Bank 2 | Bank 2 |
| July 31, 2020 | Person 3, Company 3 | $37,900 | Bank 3 | Bank 3 |

| Application Date | PPP Applicant and Business | Loan Amount | Lender | Deposit Bank |
|---|---|---|---|---|
| August 3, 2020 | Person 4, Company 4 | $32,622 | Bank 2 | Bank 2 |
| August 4, 2020 | Person 2, Company 10 | $38,800 | Bank 3 | Bank 3 |
| August 7, 2020 | Person 5, Company 5 | $48,975 | Bank 2 | Bank 5 |
| August 10, 2020 | Person 6, Company 6 | $40,000 | Bank 3 | Bank 3 |
| January 30, 2021 | Person 7, Company 7 | $58,255 | Bank 3 | Bank 3 |
| February 5, 2021 | Person 2, Company 10 | $38,800 | Bank 3 | Bank 3 |
| February 12, 2021 | Person 3, Company 3 | $37,900 | Bank 3 | Bank 3 |
| March 13, 2021 | Person 2, Company 2 | $46,348 | Bank 2 | Bank 2 |
| March 21, 2021 | Person 6, Company 6 | $40,000 | Bank 3 | Bank 3 |
| March 25, 2021 | Person 6, Company 6 | $48,975 | Bank 2 | Bank 5 |
| March 27, 2021 | Person 7, Company 7 | $58,255 | Bank 3 | Bank 3 |
| April 13, 2021 | Person 4, Company 4 | $32,622 | Bank 2 | Bank 2 |
| April 24, 2021 | Person 8, Company 8 | $48,722 | Bank 3 | Bank 3 |
| April 27, 2021 | Person 9, Company 9 | $70,435 | Bank 3 | Bank 3· |

### *EIDL Advances and Loans – OLOYEDE "Clients"*

    d. On or about the dates listed below, OLOYEDE submitted and caused to be submitted fraudulent EIDL applications, and applications for reconsideration, in the names of co-conspirators and confederate borrowers and their businesses, obtaining at least $574,100, including the following applications, with the following amounts obtained as a result of these fraudulent EIDL applications, with funds directed to be deposited in accounts at the following banks:

| Application / Reconsideration Date | EIDL Applicant and Business | Loan / Advance Amount | Deposit Bank |
|---|---|---|---|
| July 21, 2020 | Person 2, Company 2 | Declined | N/A |
| September 13, 2020 | Person 2, Company 10 | $44,100 | Bank 3 |
| November 7, 2021 | Person 2, Company 2 (Reconsideration) | $500,000 | Bank 2 |
| June 17, 2021 | Person 2, Company 2 (Advance) | $5,000 | Bank 2 |
| June 17, 2021 | Person 2, Company 10 (Advance) | $10,000 | Bank 3 |
| June 17, 2021 | Person 2, Company 2 (Advance) | $10,000 | Bank 2 |
| June 17, 2021 | Person 2, Company 10 (Advance) | $5,000 | Bank 3 |

All in violation of Title 18, United States Code, Section 1349.

<u>COUNTS 2-10</u>
(Wire Fraud, 18 U.S.C. §§ 1343 and 2)

The Grand Jury further charges:

27.     The factual allegations of Count 1 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

<u>The Scheme to Defraud</u>

28.     From in or around April 2020, and continuing through on or about February 28, 2022, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants JOSEPH OLOYEDE and EDWARD OLUWASANMI, with the intent to defraud, did devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property from the SBA and participating PPP lenders by means of materially false and fraudulent pretenses, representations,

and promises, knowing that the pretenses, representations, and promises were false and

fraudulent when made.

Purposes of the Scheme

29.     The purposes of the scheme included, but were not limited to, the purposes

alleged in paragraph 24 of this Indictment.

Manner and Means of the Scheme

30.     The manner and means by which Defendants carried out the scheme included, but

were not limited to, the manner and means alleged in paragraph 25 of this Indictment.

Execution of the Scheme

31.     On or about each of the dates set forth below, in the Northern District of Ohio,

Eastern Division, and elsewhere, the defendants identified below, for the purpose of executing

the scheme described above, and attempting to do so, transmitted, and caused to be transmitted,

by means of wire communication in interstate commerce the following writings, signs, signals,

pictures, and sounds, each transmission constituting a separate count of this Indictment:

| Count | Defendant | Date | Transmission Description | Originating Location | Recipient and Location |
|-------|-----------|------|--------------------------|----------------------|------------------------|
| 2 | JOSEPH OLOYEDE | June 16, 2020 | Electronic submission of PPP loan application in the name of Available Financial | Ohio | SBA, Virginia |
| 3 | JOSEPH OLOYEDE, EDWARD OLUWASANMI | September 11, 2020 | Bank transfer from the SBA of $138,900 for EIDL loan in the name of Dayspring Property | Colorado | OLUWASANMI, Ohio |
| 4 | JOSEPH OLOYEDE, | September 11, 2020 | Bank transfer from the SBA of $149,900 for EIDL | Colorado | OLUWASANMI, Ohio |

| Count | Defendant | Date | Transmission Description | Originating Location | Recipient and Location |
|---|---|---|---|---|---|
| | EDWARD OLUWASANMI | | loan in the name of Dayspring Holdings | | |
| 5 | JOSEPH OLOYEDE, EDWARD OLUWASANMI | August 12, 2021 | Bank transfer from the SBA of $350,000 for EIDL loan in the name of Dayspring Holdings | Colorado | OLUWASANMI, Ohio |
| 6 | EDWARD OLUWASANMI | March 11, 2021 | In-person submission of PPP loan application in the name of Dayspring Property | Ohio | SBA, Oregon |
| 7 | JOSEPH OLOYEDE | April 20, 2021 | Electronic submission of PPP loan application in the name of Available Tutors | Ohio | SBA, Oregon |
| 8 | JOSEPH OLOYEDE, EDWARD OLUWASANMI | August 31, 2021 | Bank transfer from the SBA of $361,000 for EIDL loan in the name of Dayspring Property | Colorado | OLUWASANMI, Ohio |
| 9 | JOSEPH OLOYEDE | February 15, 2022 | Bank transfer from the SBA of $499,900 for EIDL loan in the name of JO&A | Colorado | OLOYEDE, Ohio |
| 10 | JOSEPH OLOYEDE | February 16, 2022 | Bank transfer from the SBA of $499,900 for EIDL loan in the name of Available Trans | Colorado | OLOYEDE, Ohio |

All in violation of Title 18, United State Code, Sections 1343 and 2.

16

COUNTS 11-13
(Engaging in Monetary Transactions in Criminally Derived Property, 18 U.S.C. §§ 1957 and 2)

The Grand Jury further charges:

32.     The factual allegations of Counts 1 through 10 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

33.     On or about the dates listed below, in the Northern District of Ohio, Eastern Division, and elsewhere, the defendants identified below did knowingly engage and attempt to engage in the following monetary transaction by, though, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, to wit, Wire Fraud, in violation of Title 18, United States Code, Section 1343, each transaction constituting a separate count of this Indictment:

| Count | Defendant | Date | Amount | Account | Transaction Description |
|---|---|---|---|---|---|
| 11 | EDWARD OLUWASANMI | September 18, 2020 | $221,880.40 | Bank 1 – x9975 | Wire transfer to a title agency for the purchase of commercial property at 422 South Green Road, South Euclid, Ohio |
| 12 | EDWARD OLUWASANMI | October 26, 2021 | $1,000,000 | Bank 2 – x8666 | Wire transfer to a Dayspring Transportation brokerage account |
| 13 | JOSEPH OLOYEDE | July 25, 2022 | $24,473.62 | Bank 4 – x8828 | OLOYEDE caused a payment by check to be issued to a general contractor as payment for the building of a residence at 4641 Foote Rd., Medina, Ohio |

All in violation of Title 18, United States Code, Sections 1957 and 2.

FORFEITURE

The Grand Jury further charges:

34.     The allegations of Counts 1-13 of this Indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(2), and Title 28, United States Code, Section 2461(c) (wire fraud/wire fraud conspiracy offenses); and, Title 18, United States Code, Section 982(a)(1) (money laundering offenses).  As a result of the foregoing offenses, defendants JOSEPH OLOYEDE and EDWARD OLUWASANMI shall forfeit to the United States: all property, real and personal, which constitutes—or is derived from—proceeds traceable to the commission of the wire fraud/wire fraud conspiracy offenses; all property constituting, or derived from, proceeds the defendants obtained, directly or indirectly, as the result of the wire fraud/wire fraud conspiracy offenses; and, any and all property, real and personal, involved in the money laundering offenses, and any property traceable to such property; including, but not limited to:

a.      The real property located at 422 South Green Road, South Euclid, Cuyahoga County, Ohio; Permanent Parcel Nos. 701-13-064, 701-13-065, 701-13-066, and 701-13-123.  The property was purchased in or around September 2020.  The property is titled to Dayspring Property Incorporated and associated with EDWARD OLUWASANMI.

b.      The real property located at 4641 Foote Road, Medina, Medina County, Ohio; Parcel No. 026-06D-21-105.  The property was purchased in or around May 2021, and is associated with JOSEPH OLOYEDE.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.